**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHYNELLE CADE-DEMPSTER | : | |
| | : | **Civil Action** |
| | : | **No.** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| HAN DYNASTY OF UNIVERSITY CITY | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant** | : | |

**CIVIL ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1.      This is an action for an award of damages, declaratory and injunctive relief, attorney's fees, and other relief on behalf of Plaintiff, Shynelle Cade-Dempster. Plaintiff was an employee of Defendant, Han Dynasty of University City, who has been harmed by Defendant's unlawful labor practices.

2.      This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended.

**JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, under 28 U.S.C. § 1331, as Plaintiff's claims are substantively based on the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended.

4.      The Eastern District of Pennsylvania has general jurisdiction over Defendant, and specific jurisdiction over this matter as the events giving rise to Plaintiff's claims occurred in the Eastern District.

1

**PARTIES**

5.    Shynelle Cade-Dempster (hereinafter "Plaintiff") is an adult individual residing at 4150 Parkside Avenue, Philadelphia, PA 19104.

6.    The Defendant herein is Han Dynasty of University City (hereinafter "Defendant" or "Han Dynasty"), located at 3711 Market Street, Philadelphia, PA 19104. At all times material and relevant to this complaint, Defendant was acting by and through its agents, servants, workers, employees, and/or representatives who were acting within the course and scope of their employment and/or agency with said Defendant. At all times material herein, Defendant is a "person" and "employer" as defined under the Fair Labor Standards Act.

**UNDERLYING FACTS**

7.    Plaintiff began working for Defendant in May of 2022.

8.    In or around June of 2023, Plaintiff discovered irregularities in her paycheck and reported the same to her manager, Siani Richardson.

9.    Ms. Richardson informed Plaintiff that Jason Li had been stealing from the wages of multiple employees with Defendant using an unlawful tip-skimming scheme.

10.    At this time, Ms. Richardson further informed Plaintiff that "[Jason Li] thinks you're stupid because you don't check your tip out."

11.    Shortly after Plaintiff's conversation with Ms. Richardson, Plaintiff reported the theft to Brianna Azarcon, Director of Operations for Defendant, and Chris Slaughter, Chief Director of Operations for Defendant.

12.    On July 5, 2023, Mr. Slaughter and Ms. Azarcon met with Plaintiff to discuss Plaintiff's complaint regarding the ongoing wage-theft scheme.

13.    Plaintiff, Mr. Slaughter, and Ms. Azarcon discussed the use of fictitious "floaters", "bussers", and "runners", who had been receiving portions of Plaintiff's tips from the restaurant's tip pool that were then directed to Mr. Li along with two other managers, which began in or around June of 2022.

14.    During this meeting, Defendant's representatives asked Plaintiff three separate times whether or not she had used derogatory language towards Mr. Li, which Mr. Li had apparently falsely accused Plaintiff of in order to get ahead of her complaints of theft.

15.    Plaintiff denied using derogatory language towards Mr. Li on each of the three occasions which she was asked about it, and no evidence supporting the allegations was ever presented to Plaintiff.

16.    Plaintiff had a subsequent meeting on July 12, 2023, with Mr. Slaughter and Ms. Azarcon, during which Ms. Azarcon admitted that the "floaters", "bussers", and "runners" did not exist, and that Plaintiff had been the victim of wage theft.

17.    During that meeting, Plaintiff was also informed by Mr. Slaughter that she had been terminated effective July 11, 2023, due to the false allegations made by Mr. Li that Plaintiff had used derogatory language towards him.

18.    Despite admitting to the theft that had been orchestrated by Mr. Li and others, Defendant refunded only a small portion of Plaintiff's stolen wages, leaving thousands of dollars in stolen wages outstanding at the time of her termination.

## <u>COUNT ONE</u>

**Violation of the Fair Labor Standards Act**
**Tip/Wage Theft**

19.    Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

20.     Pursuant to the Fair Labor Standards Act and its accompanying regulations, Defendant unlawfully withheld thousands of dollars in wages owed to Plaintiff over the course of her employment with Defendant via its managers' scheme of inventing fictitious employees to add to the tip pool in order to steal tips.

21.     Defendant's actions directly violated 29 U.S.C. § 203(m)(2)(B), which states that "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees tips."

22.     Defendant's actions were willful, as they admitted knowledge of the issue of the fictitious "floaters", "runners", and "bussers" that were being used to steal portions of Plaintiff's tips and took no efforts to rectify the situation or appropriately compensate Plaintiff for her stolen wages.

23.     As a direct result of the actions and/or conduct of Defendant, Plaintiff suffered serious and continuing damages and injuries including, but not limited to, loss of income, benefits, damage to her reputation, and emotional pain and suffering.

24.     Defendant, through its managers, supervisors and employees, violated the Fair Labor Standards Act, as amended, by unlawfully withholding portions of Plaintiff's tipped wages.

## COUNT TWO

### Violation of the Fair Labor Standards Act, as amended
### Retaliation

25.     Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

26.     Plaintiff reported her suspicions of wage theft to Defendant's management on June 22, 2023, and then again on July 5, 2023, and July 12, 2023.

27.    Between her first report on June 22, 2023, and her meeting with Defendant's management on July 5, 2023, Mr. Li made a false allegation that Plaintiff had used derogatory language towards him in the workplace.

28.    Defendant's management presented no evidence of these alleged derogatory statements made by Plaintiff and presented no opportunity for Plaintiff to defend herself beyond her denials when she was asked about the allegations during the July 5, 2023, meeting.

29.    The allegation made by Mr. Li, along with the limited "investigation" into those allegations and Plaintiff's subsequent termination, all occurred within three weeks of Plaintiff noticing discrepancies in her paychecks and reporting the issue to management.

30.    Defendant's stated reason for terminating Plaintiff was clearly pretextual, as Plaintiff's termination was clearly retaliation for discovering and complaining about the wage theft she was facing at the hands of Defendant.

31.    Defendant's conduct violated 29 U.S.C. § 215(a)(3), which prohibits retaliation against employees who file complaints or otherwise participate in investigations related to alleged violations of the Fair Labor Standards Act.

32.    As a direct result of the actions and/or conduct of Defendant, Plaintiff suffered serious and continuing damages and injuries including, but not limited to, loss of income, benefits, damage to her reputation, and emotional pain and suffering.

33.    Defendant's actions were willful and malicious and were undertaken for the purpose of depriving Plaintiff of her rights under the Fair Labor Standards Act.

34.    Defendant, through its managers, supervisors and employees, violated the Fair Labor Standards Act, as amended, by unlawfully terminating Plaintiff in retaliation for making a complaint regarding a violation of the Fair Labor Standards Act.

**WHEREFORE**, Plaintiff Shynelle Cade-Dempster respectfully requests backpay, front pay, emotional distress damages, compensatory damages and punitive damages against Defendant, Han Dynasty of University City, in excess of $75,000 together with punitive damages, as well as costs, interest and other relief the Court may deem appropriate under the circumstances.

**MALAMUT & ASSOCIATES, LLC**

*/s/ Christian J. Hoban*
Christian J. Hoban, Esq. – 331794
Mark R. Natale, Esq. – 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
christian@malamutlaw.com
mnatale@malamutlaw.com
*Attorneys for Plaintiff, Shynelle Cade-Dempster*

**<u>VERIFICATION</u>**

The facts set forth in the foregoing Civil Action Complaint are true and correct to the best of Plaintiff's knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/ Christian J. Hoban*
Christian J. Hoban, Esq.
*Attorney for Plaintiff*

Dated: <u>July 1, 2026</u>